UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HAIL A. ALI,

                        Plaintiff,

           v.

DEPUTY PATRICK COLEMAN, et al.,

                        Defendants.
_____

DECISION & ORDER and
AMENDED SCHEDULING ORDER

21-CV-6230FPG

On March 1, 2021, *pro se* plaintiff Hail A. Ali commenced this action against the defendants pursuant to 42 U.S.C. § 1983 asserting claims arising during his incarceration at the Erie County Holding Facility. (Docket ## 8, 14, 15). Currently pending before this Court is a motion filed by Ali for an extension of time to complete discovery and for appointment of counsel. (Docket # 60). For the reasons discussed below, Ali's request for appointment of counsel is denied and his request for an extension of the scheduling order is granted.

**I.    Appointment of Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time.

As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. In addition, the legal issues in this case do not appear to be complex.

Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel. Although plaintiff suggests that appointment of counsel is necessary because he is experiencing difficulty receiving his mail, the fact that he is incarcerated does not alone justify appointment of counsel. *See Pierre v. Dep't of Corr. & Cmty. Supervision*, 2023 WL 4407062, *2 (W.D.N.Y. 2023) ("while the [c]ourt recognizes that an incarcerated *pro se* litigant may encounter more difficulties in pursuing his or her case than a *pro se* litigant who is not incarcerated, this, in itself, is not a valid reason for the appointment of counsel"); *McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel). In any event, despite the alleged mail-related difficulties, plaintiff has demonstrated a continued ability to litigate this case on his own, including filing the present motion requesting an extension of the pending deadlines. (Docket # 60).

On this record, plaintiff's request for the appointment of counsel **(Docket # 60)** is **DENIED without prejudice** at this time. It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

II. **Extension of the Scheduling Order**

Plaintiff also seeks a ninety-day extension of the deadlines contained in this Court's June 28, 2024 Amended Scheduling Order. (Docket # 60). By email dated September 18, 2024, defendants advised this Court that they do not oppose the requested extension. Accordingly, it is hereby

ORDERED, for good cause shown, that plaintiff's motion for an extension of time to complete discovery **(Docket # 60)** is **GRANTED**. It is further

ORDERED, that this Court's June 28, 2024 Amended Scheduling Order (Docket # 59) shall be amended as follows:

1. All discovery in this case shall conclude on **January 29, 2025**. All motions to compel discovery shall be made returnable on or before **December 30, 2024**.

2. Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **December 30, 2024**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **February 24, 2025**. Parties shall complete all discovery relating to experts, including depositions, by **March 31, 2025**.

3. All dispositive motions shall be filed no later than **May 19, 2025**. **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

4. Responding papers are due by **June 16, 2025**. Reply papers, if any, shall be filed by **June 30, 2025**. The motion will be taken under advisement without oral argument.

5. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or promptly after the dispositive motion deadline date.

6. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

7. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter**

**appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

                                         *s/Marian W. Payson*
                                         MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated:  Rochester, New York
          September 18, 2024

Revised 06/24 WDNY

# NOTICE TO PRO SE LITIGANT REGARDING RULE 56 MOTIONS FOR SUMMARY JUDGMENT

This Notice is to advise you that a party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). More information on motions for summary judgment can be found in *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants*, available at https://www.nywd.uscourts.gov/self-help-manual-pro-se-litigation-guidelines.

**Failure to respond to this motion for summary judgment may result in the grant of judgment in favor of the party seeking summary judgment and the dismissal of all or part of the case. You may NOT oppose summary judgment simply by relying on allegations or documents previously filed in this case.**

## Opposing Affidavits and Exhibits

If the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

## Statement of Material Facts Requiring a Trial

You **MUST** submit a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs. You may also submit a short and concise statement of any additional material facts as to which you contend there exists a genuine issue for trial, if necessary. Each statement in your response or statement of additional material facts must be followed by citation to admissible evidence or to evidence that can be presented in admissible form at trial. *See* Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). **Note** that all of the material facts that have been set forth in the statement served on you by the moving party may be deemed to have been admitted by you unless specifically controverted by a correspondingly numbered paragraph in your opposing statement of material facts.

## Memorandum of Law

You **MUST** also submit a separate answering memorandum of law, Loc. R. Civ. P. 7(a)(2)(A), which may not exceed 25 pages in length without prior approval of the Court, Loc. R. Civ. P. 7(a)(2)(C). Failure to comply with this requirement may result in the motion being decided against the non-complying party.

## Right to Seek Discovery

You have the right to seek discovery and to submit evidence relevant to the issues raised by the motion. If you are unable to present facts essential to justify your opposition to the motion, you may submit an affidavit or declaration demonstrating, for specified reasons, your inability to the Court and asking the Court to allow you time to obtain affidavits or declarations or to take discovery. *See* Fed. R. Civ. P. 56(d).